United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————————

**No. 04-41545
Summary Calendar**

———————————————

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RODOLFO RAMOS,**

**Defendant-Appellant.**

———————————————————————————————————

**Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-1028-ALL)**

———————————————————————————————————

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rodolfo Ramos appeals his sentence upon his guilty-plea conviction for violating 8 U.S.C. § 1326.

Ramos first asserts the district court's belief at the time of sentencing that the United States Sentencing Guidelines were mandatory, rather than advisory, requires reversal under *United States v. Booker*, 543 U.S. 220 (2005). Because Ramos preserved the *Fanfan* error in the district court, we review for harmless error.

————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

*See* ***United States v. Mares***, 402 F.3d 511, 520 n.9 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005).  The Government has not met its burden of proving beyond a reasonable doubt that the district judge would have imposed the same sentence under an advisory guidelines regime.  *See* ***United States v. Walters***, 418 F.3d 461, 463-65 (5th Cir. 2005).  Therefore, Ramos' sentence is vacated; the case remanded to district court for resentencing.

Ramos also maintains the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.  This issue is foreclosed by ***Almendarez-Torres v. United States***, 523 U.S. 224, 235 (1998).  Although Ramos contends ***Almendarez-Torres*** was incorrectly decided and that a majority of the Supreme Court would overrule it in the light of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), we have repeatedly rejected such contentions on the basis that ***Almendarez-Torres*** remains binding.  *See* ***United States v. Garza-Lopez***, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Ramos concedes ***Almendarez-Torres*** and circuit precedent foreclose this claim; he raises it to preserve it for further review.

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING*